IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
GIANNA M. ORLANDI, BAR NO. 5087.

No. 85346

FILED

NOV 22 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF DISBARMENT

This is an automatic review of a Southern Nevada Disciplinary hearing panel's recommendation that attorney Gianna M. Orlandi be disbarred based on violations of RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants), RPC 5.4 (professional independence of a lawyer), RPC 5.5 (unauthorized practice of law), RPC 8.1 (Bar admission and disciplinary matters), and SCR 78 (maintenance of trust funds in approved financial institutions; overdraft notification).

The State Bar has the burden of showing by clear and convincing evidence that Orlandi committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the amended complaint are deemed admitted because Orlandi failed to answer the amended complaint and a default was entered. SCR 105(2). The record therefore establishes that Orlandi violated the above-referenced rules by forming a law firm with a non-attorney who performed most of the legal work on the firm's cases. Orlandi failed to supervise the non-attorney, who held himself out as an attorney, met with clients, and provided legal advice. Orlandi also

22-36758

continued to bill a client for work performed by the non-attorney despite the client asking that the non-attorney not perform any further work on her case. Furthermore, Orlandi took over as lead counsel on a case without client approval, told opposing counsel she was no longer working on a case without informing the client, failed to file motion briefs or appear at a pretrial conference, and failed to acknowledge a client payment. Orlandi also began working on clients' cases who had hired the non-attorney—under the belief that he was a practicing attorney—without their permission and billed them for services after they terminated representation. In one instance, the non-attorney propositioned a client, implying that he would pay for or provide legal services in exchange for companionship. Orlandi also improperly claimed to the State Bar that she was exempt from maintaining a client trust account. And, while a State Bar investigator was able to contact Orlandi, who acknowledged the numerous grievances filed regarding her and the non-attorney, Orlandi never substantively responded to the investigator's requests for information regarding four grievances.

As for the appropriate discipline for these violations, we review the hearing panel's recommendation de novo, although the panel's recommendation is persuasive. SCR 105(3)(b); *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). To determine the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Orlandi knowingly violated duties owed to her clients, the legal system, and the profession. Orlandi's clients suffered actual injury because they unknowingly hired and paid a non-attorney to represent them, resulting in adverse consequences, with the potential for further serious injury. Orlandi also harmed the legal system as she aided the non-attorney in the unauthorized practice of law. Orlandi's failure to cooperate with the State Bar's investigation and her aiding in the unauthorized practice of law also harmed the integrity of the profession, which depends on a self-regulating disciplinary system.

The baseline sanction before considering aggravating or mitigating circumstances is disbarment. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Rules and Standards*, Standard 7.1 (Am. Bar Ass'n 2017) (recommending disbarment "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public or the legal system"). The record supports the panel's findings of one mitigating circumstance (absence of a prior disciplinary record) and five aggravating circumstances (dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, and substantial experience in the practice of law). Having considered the four factors, we agree with the panel that disbarment is appropriate.

Accordingly, we disbar attorney Gianna M. Orlandi from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Orlandi shall pay the costs of the disciplinary proceedings, including $3,000

under SCR 120, within 30 days of the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Gianna Maria E. Orlandi
       Chair, Southern Nevada Disciplinary Board
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court

---

[1]The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.